# Exhibit B

Filed
D.C. Superior Court
06/02/2015 11:88BM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

FELICIA WALKER                              )
322 Shady Glen Drive                        )
Capital Heights, MD 20743                   )        **COMPLAINT**
                                            )
                Plaintiff,                  )        2015 CA 004021 B
                                            )
v.                                          )
                                            )
MASTER SECURITY COMPANY LLC                 )
10946 Beaver Dam Road, Suite D              )
Hunt Valley, MD 21030                       )
                                            )
                Defendant.                  )        **JURY TRIAL DEMANDED**
                                            )

## COMPLAINT

Plaintiff Felicia Walker ("Plaintiff" or "Ms. Walker") through her attorneys, Denise M. Clark, Jeremy Greenberg, and Clark Law Group, PLLC, hereby alleges as follows:

### NATURE OF ACTION

1. This is a challenge to Master Security Company LLC's ("Defendant") unlawful sexual harassment of Plaintiff, hostile work environment, and retaliation in violation of the District of the Columbia Human Rights Act ("Human Rights Act"), D.C. Code § 2-1401.11.

### JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. Pursuant to the Human Rights Act, D.C. Code § 2-1403.16, this Court has subject matter jurisdiction over this civil action because this action is being brought within the one-year tolled statute of limitations period set out in the Human Rights Act.

4. Pursuant to D.C. Code § 11-921, this Court has subject matter jurisdiction over this civil action because all claims are based on violations of the laws of the District of Columbia.

5. Pursuant to D.C. Code § 13-423, this Court has personal jurisdiction over Defendant because Defendant conducts business in the District of Columbia.

6. Venue is appropriate because Defendant has places of business in the District of Columbia, Plaintiff worked in the District of Columbia, and Defendant's actions occurred in the District of Columbia.

## TOLLING OF CLAIM

7. On June 3, 2014, Plaintiff filed a charge of discrimination and retaliation for her internal complaints with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the D.C. Office of Human Rights ("OHR").

8. On June 25, 2014, the EEOC issued a right to sue letter to Plaintiff.

9. On or about June 28, 2014, Plaintiff received her right to sue letter.

10. Plaintiff's discrimination and retaliation for internal complaints claims under the Human Rights Act's statute of limitations were thereby tolled during the pendency of her claim with the EEOC.

11. On July 31, 2014, Plaintiff filed a charge of retaliation with the EEOC as a result of her June 3, 2014 EEOC charge, which was cross filed with OHR.

12. On June 2, 2015, Plaintiff withdrew her retaliation complaint from OHR.

13. Plaintiff's retaliation claims for filing an EEOC charge under the Human Rights Act's statute of limitations were thereby tolled during the pendency of her claim with OHR.

## PARTIES

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff is a resident of Capital Heights, Maryland and is a former employee of Defendant.

16. Plaintiff is female.

17. Defendant is a corporation with its principal place of business in Hunt Valley, Maryland.

18. Defendant provides security services for its clients.

19. Defendant regularly transacts business in the District of Columbia by providing security services to its clients located in the District of Columbia.

## FACTS

20. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

21. On July 28, 2011, Ms. Walker began working for Defendant as an Armed Security Officer.

22. In or about January of 2014, Ms. Walker was transferred to a new work site called "Mobile," located in the District of Columbia at intersection of 12th Street and C Street, NW.

23. Employees of Defendant at the Mobile site were responsible for conducting security screenings for vehicles, drivers, and passengers for Defendant's client, the Federal Protective Service.

24. In or about January 2014, after Ms. Walker started working at Mobile, Michael Bellamy ("Mr. Bellamy") became Ms. Walker's supervisor.

25. Mr. Bellamy's duties included assigning Ms. Walker to various posts at Mobile, scheduling which days Ms. Walker would be working, and otherwise supervising her performance.

### Mr. Bellamy Sexually Harassed Ms. Walker

26. Approximately two weeks after becoming Ms. Walker's supervisor, Mr. Bellamy began to sexually harass her.

27. On or about January 17, 2014, Mr. Bellamy called Ms. Walker into his office and asked Ms. Walker to shut the door.  Mr. Bellamy asked Ms. Walker if she had a man in her life.

28. In or about January 2014, Mr. Bellamy made sexually suggestive comments to Ms. Walker.

29. In or about February 2014, Mr. Bellamy rubbed Ms. Walker's hand in a sexual manner.

30. In or about February 2014, Mr. Bellamy told Ms. Walker, "I know you want me."

31. In or about February 2014, Mr. Bellamy made obscene gestures towards Ms. Walker.

32. On or about February 1, 2014, during a CPR training session break, Ms. Walker sitting on table with her legs closed together. Mr. Bellamy asked if he could stand in between her legs. Ms. Walker replied, "No, supervisor." Mr. Bellamy responded, "I'm not your supervisor today."

33. On or about February 6, 2014, Mr. Bellamy rubbed Ms. Walker's thigh.

34. On or about February 6, 2014, Mr. Bellamy stated "Mmm, let me see those lips" and that he would like to watch Ms. Walker put on lip gloss.

35. In or about early February 2014, Mr. Bellamy told Ms. Walker that he would like to watch her put a banana in her mouth.

36. In or about early February 2014, Mr. Bellamy told Ms. Walker that he had a dream about Ms. Walker, but that he could not share it with her.

37. On or about February 11, 2014, Ms. Walker confronted Mr. Bellamy by phone about the sexual harassment and he ended the call by asking if Ms. Walker would not date him if he was no longer her supervisor.

4

### Mr. Bellamy Penalized Ms. Walker For Rebuffing His Advances

38. Throughout the remainder of Ms. Walker's employment with Defendant, Mr. Bellamy would repeatedly deny Ms. Walker training opportunities available to other employees.

39. From in or about March 2014 through the remainder of Ms. Walker's employment with Defendant, Mr. Bellamy would repeatedly lie about Ms. Walker's job performance to Mr. Bellamy's supervisors.

40. On or about March 10, 2014, Mr. Bellamy cut Ms. Walker's hours from over 40 hours to approximately 30 hours a week and Ms. Walker was not permitted lunch breaks.

41. Other security officers with less seniority than Ms. Walker did not have their hours cut and permitted to take lunch breaks.

42. Mr. Bellamy would create and publish a work schedule approximately every two weeks.

43. In the schedules created after about March 18, 2014 through the remainder of Ms. Walker's employment with Defendant, Mr. Bellamy repeatedly scheduled Ms. Walker for fewer hours than other security officers with less seniority.

44. On or about March 17, 2014, Ms. Walker asked Mr. Bellamy if she could be trained on the truck screening procedures. Mr. Bellamy did not respond.

45. On or about March 18, 2014, Ms. Walker confronted Mr. Bellamy about her reduction in hours, being denied training, and belief that the reduction and denial of training was a result of her rebuffing Mr. Bellamy's advances.

46. Mr. Bellamy responded by becoming hysterical and yelled at Ms. Walker.

47. After in or about late March 2014 through the remainder of Ms. Walker's employment with Defendant, Mr. Bellamy began to repeatedly change Ms. Walker's schedule, including what

days she would be working and what her posts were, without notice.  Mr. Bellamy's changes

would occur almost daily.

48. These daily changes without notice were very interrupting to Ms. Walker's personal and

professional life.

49. Ms. Walker had to cancel or reschedule appointments that she previously made because she

had been scheduled to not work that day.

50. No other security officers' schedules were changed without notice with such regularity as

Ms. Walker's schedule.

### Ms. Walker's Complaints Were Ignored By Defendant And Mr. Bellamy Continued To Penalize Ms. Walker

51. On or about March 19, 2014, Ms. Walker complained about the sexual harassment and

reduction in hours to Bernard Battle ("Mr. Battle").

52. Mr. Battle was Mr. Bellamy's supervisor.

53. In response to Ms. Walker's complaint, Mr. Battle held a meeting with himself, Ms. Walker,

and Mr. Bellamy.  In that meeting, Mr. Battle refused to address Ms. Walker's complaint of

sexual harassment and only discussed Ms. Walker's reduction in hours.

54. After the meeting with Mr. Battle, Mr. Bellamy yelled at Ms. Walker on almost daily basis

until the end of Ms. Walker's employment with Defendant.

55. After the meeting, Mr. Bellamy continued schedule Ms. Walker for fewer hours than other

security officers with less seniority every two weeks.

56. In or about March 2014, Ms. Walker complained of Mr. Bellamy's sexual harassment to a

representative of the Federal Protective Service, Defendant's client, who worked on site.

57. On or about March 31, 2014, Ms. Walker called in sick pursuant to the procedures and

timeframes set out in Defendant's employee handbook.

58. Nevertheless, on or about April 5, 2014, Mr. Bellamy gave Ms. Walker a written "warning prior to discharge" for calling in sick.

59. Even if Ms. Walker had called in sick outside of the proper procedures and time frames, which she did not, the employee handbook requires a verbal warning before any written reprimand.

60. On or about April 10, 2014, Ms. Walker complained about the sexual harassment to Kristine Nichols-Utz ("Ms. Nichols-Utz"), a Vice President of Defendant.

61. On information and belief, Ms. Nichols-Utz's responsibilities included human resources responsibilities and she is listed in Defendant's employee handbook as an individual to contact with complaints of harassment.

62. Ms. Nichols-Utz was Mr. Battle's supervisor.

63. In or about April 2014, Ms. Walker had a meeting with Ms. Nichols-Utz about her complaints.  Ms. Nichols-Utz laughed at Ms. Walker and said she was too emotional and that she should move on.  Ms. Nichols-Utz asked why would she remove Mr. Bellamy since he knows how to run the Mobile site so well.

64. Despite the knowledge of Ms. Walker's complaints against Mr. Bellamy, Defendant continued to assign Ms. Walker under Mr. Bellamy's supervision.

65. On or about April 28, 2014, Mr. Bellamy scheduled Ms. Walker for the 5:00am shift start time, despite prior guarantees of an 8:00am start time and his knowledge that Ms. Walker's familial obligations prevented her from working that early.

66. In or about May 14, 2014, Mr. Bellamy told Ms. Walker that he has no respect for her and he "doesn't give two fucks" about her.

67. During most of June 2014, Mr. Bellamy was on vacation.

7

### Defendant Received Notice of Plaintiff's EEOC Charge

68. On June 3, 2014, Ms. Walker filed a charge of discrimination with the EEOC.

69. On information and belief, Defendant received notice of Ms. Walker's EEOC charge shortly thereafter.

70. On June 25, 2014, the EEOC sent issued right to sue letter to Plaintiff and sent a copy to Defendant.

71. On information and belief, Defendant received a copy of the right to sue letter on or about June 28, 2014.

72. On information and belief, Mr. Bellamy and Ms. Nichols-Utz knew about Ms. Walker's EEOC charge.

### Mr. Bellamy's Actions and Defendant's Inaction Forced Ms. Walker to Resign

73. Beginning in February 2014, Ms. Walker would switch posts with other employees so that she would stay patrol the outside area of the Mobile grounds rather than be posted inside the Mobile site's trailer where Mr. Bellamy was regularly stationed.

74. It was regular practice for employees to switch posts with each other so long as all the required posts were properly manned and the site ran properly.

75. As Mr. Bellamy's harassment and retaliation worsened, Ms. Walker would increase her requests to switch posts with other employees.

76. Ms. Walker was easily able to switch posts with other employees to remain outside.

77. Defendant's management did not take issue with Ms. Walker switching posts until July 2014.

78. On information and belief, another employee, Elgie Morton, told Mr. Bellamy that Ms. Walker was purposefully avoiding him by switching posts with other employees after Mr. Bellamy returned from his vacation.

79. On or about July 7, 2014, Mr. Bellamy ordered Mr. Morton to tell Ms. Walker that it was too hot to stay outside all day and that Ms. Walker needed to rotate positions with other employees.

80. Ms. Walker responded that she did not mind the heat and asked if she was being ordered to come inside the Mobile office.

81. Mr. Morton returned inside the Mobile office.  Mr. Morton later came back outside and said that Mr. Battle, Mr. Bellamy's supervisor, stated that Ms. Walker could stay outside as long as she wanted.

82. On or about July 14, 2014, Mr. Bellamy reprimanded Ms. Walker for being insubordinate and failing to do her assigned duties by only working outside and away from Mr. Bellamy.

83. On or about July 14, 2014, Ms. Nichols-Utz sent Ms. Walker a warning of termination.

84. On or about July 22, 2014, Ms. Walker confronted Mr. Bellamy about why he allowed other employees to remain outside without rotating to other posts while he reprimanded Ms. Walker.

85. Mr. Bellamy responded that he was going to report Ms. Walker for insubordination.

86. On July 22, 2014, Ms. Walker submitted her two weeks' notice of resignation.

87. The notice of resignation stated that Ms. Walker was resigning due to the constant harassment of Mr. Bellamy and non-response by Defendant to Ms. Walker's complaints.

88. On July 23, 2014, Ms. Nichols-Utz terminated Ms. Walker.

89. Due to Mr. Bellamy's constant harassment and inaction by Defendant, Ms. Walker lost weight, underwent uncontrollable crying fits, began to experience increased menstrual bleeding, lost hair, experienced depression, became stressful, and began to smoke cigarettes to relieve the stress.

## COUNT I: SEXUAL HARASSMENT

90. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

91. Throughout Ms. Walker's employment, Mr. Bellamy made repeated sexual comments and advances against Ms. Walker.

92. Ms. Walker rebuffed all of Mr. Bellamy's advances.

93. Mr. Bellamy had the authority to assign posts and schedules and reprimand Ms. Walker.

94. Ms. Walker's rejection of Mr. Bellamy's advances was the underlying motivation for his reprimands against Ms. Walker.

95. Ms. Walker's rejection of Mr. Bellamy's advances was the underlying motivation for his repeated reductions in Ms. Walker's work hours.

96. Ms. Walker's rejection of Mr. Bellamy's advances was the underlying motivation for his repeated changes in Ms. Walker's work schedule without notice.

97. Ms. Walker complained to Defendant's management about Mr. Bellamy's harassment.

98. Defendant failed to take effective action to stop Mr. Bellamy's harassment.

99. Mr. Bellamy's repeated sexual comments and advances, repeated discriminatory changes to Ms. Walker's schedule and assigned hours, reprimands, the lack of response from Defendant, and warning of termination forced Ms. Walker to resign from Defendant's employment.

100.    Ms. Walker's resignation was a constructive discharge.

## COUNT II: RETALIATION FOR INTERNAL COMPLAINTS

101.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

102.   Throughout Ms. Walker's employment, Mr. Bellamy made repeated sexual comments and advances against Ms. Walker.

103.   Ms. Walker complained about Mr. Bellamy's sexual harassment to Mr. Bellamy, Mr. Battle, and Ms. Nichols-Utz.

104.   Ms. Walker's complaints of harassment were protected activity.

105.   Ms. Walker's complaints of harassment were the underlying motivation for Mr. Bellamy's reprimands against Ms. Walker.

106.   Ms. Walker's complaints of harassment were the underlying motivation for Mr. Bellamy's repeated reductions in Ms. Walker's work hours.

107.   Ms. Walker's complaints of harassment were the underlying motivation for Mr. Bellamy's repeated changes in Ms. Walker's work schedule without notice.

108.   Ms. Walker's complaints of harassment were the underlying motivation for Ms. Nichols-Utz's warning of termination.

109.   Defendant's actions forced Ms. Walker to resign.

110.   Ms. Walker's resignation was a constructive discharge.

## COUNT III: RETALIATION FOR EEOC CHARGE

111.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

112.   Ms. Walker's filing of her EEOC charge was protected activity.

113.   In June 2014, Defendant learned about Ms. Walker's charge of discrimination with the EEOC.

114.   On or about June 28, 2014, Defendant received a copy of Plaintiff's right to sue letter from the EEOC.

11

115.    Ms. Walker's EEOC charge was the underlying motivation for Mr. Bellamy's reprimands

against Ms. Walker.

116.    Ms. Walker's EEOC charge was the underlying motivation for Ms. Nichols-Utz's

warning of termination.

117.    Defendant's actions forced Ms. Walker to resign.

118.    Ms. Walker's resignation was a constructive discharge.

## COUNT IV: HOSTILE WORK ENVIROMENT

119.    All of the allegations contained in the foregoing paragraphs of this Complaint are

incorporated by reference herein as if the same were set forth at length.

120.    Ms. Walker was subject to unwelcomed harassment because of her sex and protected

activities.

121.    The harassment affected Ms. Walker's terms, conditions, and privileges of employment.

122.    The sexual harassment was subjectively and objectively severe or pervasive.

123.    Ms. Walker complained to Defendant about the sexual harassment.

124.    Ms. Walker filed a charge of discrimination with the EEOC.

125.    Defendant was aware of Ms. Walker's sexual harassment claims and failed to take

effective action to stop it.

126.    Defendant knowingly assigned Ms. Walker to be supervised by Mr. Bellamy after

receiving Ms. Walker's complaints.

127.    Defendant was aware of Ms. Walker's protected activity.

128.    Mr. Bellamy's repeated sexual comments and advances, repeated discriminatory changes

to Ms. Walker's schedule and assigned hours, reprimands, the lack of response from

Defendant, and warning of termination forced Ms. Walker to resign from Defendant's employment.

129.   Ms. Walker's resignation was a constructive discharge.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court award Plaintiff the following:

A. Declare that Defendant's actions violated Plaintiff's rights under the Human Rights Act to be free from unlawful discrimination on the basis of sex;

B. Declare that Defendant's adverse employment actions against Plaintiff were discriminatory in violation of Human Rights Act;

C. Declare that Defendant's adverse employment actions and constructive discharge of Plaintiff were retaliatory acts in response to Plaintiff's recurring complaints about a hostile work environment;

D. Award compensatory damages for his lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses in an amount to be determined by the jury by trial in excess of $5,000;

E. Award Plaintiff full back pay and benefits;

F. Award Plaintiff emotional distress damages;

G. Award Plaintiff punitive damages;

H. Award Plaintiff reasonable attorney's fees and costs for this action;

I. Award any other relief that this Court deems appropriate.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of facts raised by the Complaint.

Dated: June 2, 2015

Respectfully submitted,

13

/s/ Denise M. Clark
Denise M. Clark, Esq. (420480)
Jeremy Greenberg, Esq. (1024226)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com
jgreenberg@benefitcounsel.com



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Felicia Walker
_____
                                    Plaintiff

                    vs.                                    Case Number    2015 CA 004021 B

Master Security Company LLC
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

Jeremy Greenberg                                              Clerk of the Court
_____
Name of Plaintiff's Attorney

 1250 Connecticut Ave., NW, Suite 200              By _____
_____
Address Washington, DC 20036                                    Deputy Clerk

 202-293-0015                                             Date    06/02/2015
_____

Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                              Demandante

contra

_____                              Número de Caso: _____
                              Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por: _____
_____                                                       Subsecretario
Dirección

                                        Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                              Vea al dorso el original en inglés
                              See reverse side for English original

                                                                                            CASUM.doc

# Superior Court of the District of Columbia

### CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

Felicia Walker

Case Number: _2015 CA 004021 B_

vs

Date: _6/2/2015_

Master Security Company LLC

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*   Jeremy Greenberg | Relationship to Lawsuit |
| Firm Name:   Clark Law Group, PLLC | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:          Six digit Unified Bar No.:<br>202-293-0015              1024226 | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury     ☐ 6 Person Jury     ☒ 12 Person Jury

Demand: $  _Over 5,000_                         Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____     Judge: _____     Calendar #:_____

Case No.:_____     Judge: _____     Calendar#:_____

---

NATURE OF SUIT:      *(Check One Box Only)*

**A. CONTRACTS**                                               **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 07 Personal Property          ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance        ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☒ 13 Employment Discrimination   ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure/Judicial Sale

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 09 Harassment                  ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy              Not Malpractice)
☐ 03 Assault and Battery         ☐ 11 Libel and Slander           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference      ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution       ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal           ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile,   ☐ 23 Tobacco
                                      Not Malpractice)              ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation
  Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____
Attorney's Signature

6/2/2015
_____
Date



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

FELICIA WALKER
    Vs.                             C.A. No.     2015 CA 004021 B
MASTER SECURITY COMPANY LLC
### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MAURICE ROSS
Date:  June 3, 2015
Initial Conference: 9:00 am, Friday, September 04, 2015
Location:  Courtroom 100
           500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et. seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



$8.33  US POSTAGE
FIRST-CLASS

CERTIFIED MAIL

7012 1640 0001 7086 7925

Clark
1250 Connecticut Ave, N.W., Suite 200
Washington, D.C. 20036

MASTER SECURITY COMPANY LLC
c/o C T CORPORATION SYSTEM
1015 15th St NW, Suite 1000
Washington, DC 20005