## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELICIA WALKER,

     Plaintiff,

     v.

MASTER SECURITY COMPANY LLC,

     Defendant.

Civil Action No. 15-1005 (JDB)

## MEMORANDUM OPINION

Plaintiff Felicia Walker sued her former employer, Master Security Company LLC, in D.C. Superior Court under the D.C. Human Rights Act (DCHRA). Am. Compl. [ECF No. 9]. Master Security promptly removed to this Court, claiming that federal jurisdiction existed pursuant to Section 301 of the Labor Management Relations Act (LMRA). Pending before the Court are Master Security's motion to dismiss and Walker's motion to remand to Superior Court. This Court will grant Walker's motion to remand.

## BACKGROUND

Walker's complaint alleges that after she accepted a temporary placement at a new Master Security work site in January 2014, she was subjected to sexual harassment, retaliation for internal complaints, retaliation for filing an Equal Opportunity Commission (EEOC) charge, and a hostile work environment, all in violation of the DCHRA. Master Security removed to this Court on the ground that this Court has jurisdiction pursuant to Section 301 of the LMRA, 29 U.S.C. § 185. Def.'s Notice of Removal [ECF No. 1] ¶ 10. The notice of removal claimed that when Walker began working at the temporary work site, she became party to a collective bargaining agreement

1

(CBA) between a union and Master Security. Id. ¶¶ 6–7. According to Master Security, the CBA requires union members like Walker to initiate any grievances internally. Id. ¶ 8. Because Walker failed to follow the grievance procedures, Master Security contends that she breached the CBA. Id. ¶ 9. Master Security then filed a motion to dismiss, arguing that Walker's complaint should be dismissed "due to her failure to exhaust administrative remedies and submit her statutory claims to the mandatory grievance and arbitration procedure set forth in the collective bargaining agreement which governed her terms and conditions of employment." Def.'s First Mot. Dismiss [ECF No. 7] at 2–3.

Walker responded by filing an amended complaint. While her claims are still grounded exclusively in D.C. law, Walker has amended the complaint's "facts" section to state that she was not a permanent employee and was therefore not subject to the CBA. Am. Compl. ¶¶ 44–67. Master Security then filed a second motion to dismiss counts one and two on the ground that the claims are barred by the statute of limitations. Def.'s Second Mot. Dismiss [ECF No. 13]. Absent from the new motion is any argument about union grievance procedures. Walker moved to remand, noting that "it appears that [Master Security] has abandoned the sole reason this Court would exercise jurisdiction over this matter." Pl.'s Mot. Remand [ECF No. 15-1] at 1.

## DISCUSSION

Removal of cases from state to federal court is governed by 28 U.S.C. § 1441.[1] A party may remove a case to federal court only when the case could have been filed in federal court originally. Wexler v. United Air Lines, Inc., 496 F. Supp. 2d 150, 152 (D.D.C. 2007); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." Int'l Union

---

[1] For removal purposes, the term "state court" includes the Superior Court of the District of Columbia. See 28 U.S.C. § 1451.

of Bricklayers & Allied Craftworkers v. Ins. Co. of the W., 366 F. Supp. 2d 33, 36 (D.D.C. 2005).
Where "a district court lacks subject matter jurisdiction over a case that has been removed from a
state court, the district court must remand the case." Republic of Venez. v. Philip Morris Inc., 287
F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)).  And "[w]here the need to remand is
not self-evident, the court must resolve any ambiguities concerning the propriety of removal in
favor of remand." Johnson-Brown v. 2200 M St. LLC, 257 F. Supp. 2d 175, 177 (D.D.C. 2003).

Master Security says that this case could have originally been brought in this Court under
Section 301 of the LMRA, which provides:

> Suits for violation of contracts between an employer and a labor
> organization representing employees in an industry affecting
> commerce as defined in this chapter, or between any such labor
> organizations, may be brought in any district court of the United
> States having jurisdiction of the parties, without respect to the
> amount in controversy or without regard to the citizenship of the
> parties.

29 U.S.C. § 185(a).  The Supreme Court has interpreted this provision to have a completely
preemptive effect, meaning that a state law claim that is "founded directly on rights created by
collective-bargaining agreements" or "substantially dependent on analysis of a collective-
bargaining agreement" necessarily arises under federal law. Caterpillar, 482 U.S. at 394 (internal
quotation marks omitted).

Accordingly, Master Security argues that because Walker's state-law claims are dependent
on the Court's interpretation of a CBA, complete preemption applies and Walker's complaint gives
rise to federal jurisdiction.   But Master Security misunderstands the power of complete
preemption.  It is only through defendant's allusion to a CBA-related defense in its removal notice
that the labor contract was brought into question.  And the Supreme Court has made perfectly clear
that this is not enough for federal jurisdiction: "[T]he presence of a federal question, even a § 301

3

question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." Id. at 398–99; see also Price v. Goals Coal Co., No. 97-1710, 1998 WL 536371, at *8 (4th Cir. 1998) (per curiam) (unpublished) ("The 'complete preemption exception' to the 'well-pleaded complaint' rule does not apply when the employer merely raises the collective bargaining agreement as a defense to the state law claim."); Van Allen v. Bell Atl.-Wash., D.C., Inc., 921 F. Supp. 830, 833 (D.D.C. 1996) (holding defendants could not remove case "by raising the collective bargaining agreement" in an asserted defense). Thus, the mere possibility that Master Security could raise a defense that would require interpretation of a CBA would not have allowed Walker to file her complaint in federal court originally.[2]

But what about Walker's amended complaint? Do its new factual allegations, by referring to the express terms of the CBA, give rise to federal jurisdiction? No. Walker's new factual allegations merely anticipate a defense that Master Security might raise. Just as federal jurisdiction does not exist where "the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States," Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003) (internal quotation marks omitted), so too

---

[2] The Court acknowledges that another court in this District recently reached the opposite conclusion, allowing removal based in part on the defendants' asserted defense that a labor contract required the plaintiff to exhaust arbitration procedures before bringing suit. Dist. No. 1, Pac. Coast Dist., Marine Eng's' Beneficial Ass'n v. Am. Mar. Officers, 75 F. Supp. 3d 294, 303 (D.D.C. 2014) ("[I]t is well established that any state law claim or defense that requires interpretation of federal labor contracts . . . implicates the preemptive effect of section 301 of the LMRA." (emphasis added)). That decision, however, did not grapple with Caterpillar or cite authority to support its conclusion that federal subject matter jurisdiction exists so long as a defense requires interpretation of a union contract. See id. at 301–05.

is it lacking here, where Walker has merely sought to undermine a possible federal-law defense to her state-law causes of action.

Master Security has offered no other argument for how Walker's sexual harassment, hostile work environment, and retaliation claims implicate the CBA. Cf. Berry v. Coastal Int'l Sec., Inc., 968 F. Supp. 2d 104, 111 (D.D.C. 2013) (holding that plaintiff's state-law age discrimination claim is preempted under Section 301 where "plaintiff specifically alleges that the challenged employment actions were taken in violation of rights created by the CBA"). And none are readily apparent to the Court. Rather, Walker's "DCHRA claims are based on rights created by the DCHRA and not rights created by the CBA." Daniels v. Potomac Elec. Power Co., 789 F. Supp. 2d 161, 165 (D.D.C. 2011) (granting plaintiff's motion to remand DCHRA claims to state court).

> When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

Caterpillar Inc., 482 U.S. at 399. Walker has not invoked a right created by, nor dependent on an interpretation of, the CBA. Master Security cannot then force its way into federal court by asserting a CBA-related defense. Accordingly, the Court will grant Walker's motion to remand.[3] A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: February 10, 2016

[3] Having remanded the case to D.C. Superior Court, this Court will not address Master Security's pending motion to dismiss.

5