## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICIA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>MASTER SECURITY COMPANY LLC,<br><br>Defendant. | Civil Action No. 15-1005 (JDB) |

### MEMORANDUM OPINION

Plaintiff Felicia Walker sued her former employer, Master Security Company LLC, in D.C. Superior Court under the D.C. Human Rights Act (DCHRA).  After Master Security removed the case, this Court remanded, finding that federal jurisdiction pursuant to Section 301 of the Labor Management Relations Act (LMRA) did not exist.  Walker v. Master Security Co., No. 15-1005, 2016 WL 544464 (D.D.C. Feb. 10, 2016).  Specifically, removal under Section 301 was improper because Walker's state law claims were not founded on rights created by a collective bargaining agreement (CBA) nor substantially dependent on a CBA.  Rather, the CBA was raised only in a defensive argument—an insufficient basis for finding federal jurisdiction.  Now before the Court is Walker's motion for attorney's fees and costs incurred as a result of removal.  The Court will deny Walker's motion.

### DISCUSSION

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Imposition of such costs is at the Court's discretion.  Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an

objectively reasonable basis exists, fees should be denied." Id. at 141.  A basis for removal is objectively reasonable when it "has at least some logical and precedential force."  Knop v. Mackall, 645 F.3d 381, 383 (D.C. Cir. 2011).  Because the contours of Section 301 complete preemption are not always clearly delineated, and because an argument similar to Master Security's was recently accepted by another court in this District, this Court concludes that Master Security did not lack an objectively reasonable basis for removal.  Thus, attorney's fees are not warranted.

According to Master Security, federal jurisdiction pursuant to Section 301 existed over Walker's claims because "'Section 301(a) provides federal-court jurisdiction over controversies involving CBAs.'"  Def.'s Am. Notice of Removal [ECF No. 2] ¶ 8 (quoting Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 260 n.7 (1994)).  The Supreme Court has interpreted Section 301 of the LMRA to have a completely preemptive effect, meaning that a state law claim that is "founded directly on rights created by collective-bargaining agreements" or "substantially dependent on analysis of a collective-bargaining agreement" necessarily arises under federal law.  Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987) (internal quotation marks omitted).  On removal, Master Security argued that Walker's claims involved a CBA because she was party to a CBA that required employees to arbitrate their grievances internally.  See Def.'s Am. Notice of Removal ¶¶ 6–8.  Further, Master Security pointed to Walker's amended complaint—which responded to Master Security's motion to dismiss by alleging that as a temporary employee she was not bound by the terms of the CBA,  Am. Compl. [ECF No. 9] ¶¶ 47–49—as evidence that her claim "on its face . . . relies directly on the CBA definitions," Def.'s Opp'n to Pl.'s Mot. to Remand [ECF No. 18] at 4.  Hence, Master Security argued, federal jurisdiction existed because resolving Walker's claims would require the Court to analyze the CBA to determine Walker's employment status and whether she was bound by the relevant arbitration clause.  Id.

The Court rejected this argument, finding that it amounted to nothing more than a "CBA-related defense" and holding instead that a defensive argument could not establish federal jurisdiction.  Walker, 2016 WL 544464, at *2–3.  An argument can be made, though, that this conclusion was not obvious because other district courts—including a sister court in this District—have indicated otherwise.  See Dist. No. 1, Pac. Coast Dist., Marine Eng'rs' Beneficial Ass'n v. Am. Mar. Officers, 75 F. Supp. 3d 294, 303 (D.D.C. 2014) (holding that as long as "defenses would require interpretation" of union constitution, federal subject-matter jurisdiction would exist); Nanstad v. N. States Power Co., No. CIV 06-3087 JNE/JJG, 2007 WL 474966, at *3 (D. Minn. Feb. 9, 2007) ("Defenses, as well as claims, must be considered in determining whether resolution of the state-law claim requires construing the labor contract.").  Where the asserted basis for removal "is sufficiently persuasive that it has convinced one federal district court"—and in this case more than one—the Court is not inclined to hold that Master Security's argument was unreasonable.  See Knop, 645 F.3d at 383.

It often is not immediately clear whether a claim is "substantially dependent upon" a CBA for purposes of Section 301 removal.  See Paul v. Kaiser Found. Health Plan of Ohio, 701 F.3d 514, 522 (6th Cir. 2012) (grappling with whether a plaintiff's claim is "inextricably intertwined with interpretation of CBA terms or whether it is only tangentially related to the CBA" (internal quotation marks omitted)).  Walker argues that it is well-settled law in this jurisdiction that DCHRA claims may not be removed pursuant to Section 301, see Mem. Supp. Pl.'s Mot. Att'y's Fees and Costs [ECF 22-1] at 6–7, but the cases she cites largely do not grapple with the applicability of an arbitration clause and its effect on the plaintiff's claims.  And while at least one other federal court of appeals has rejected the argument that a mandatory arbitration clause creates

a basis for Section 301 removal, see Dall v. Albertson's, Inc., 234 F. App'x 446, 449 (9th Cir. 2007), the D.C. Circuit has not explicitly done so.

Master Security's basis for removal was similar to an argument recently accepted by another court in this District.  See Dist. No. 1, 75 F. Supp. 3d 294.  There, the court concluded removal was proper, even though the plaintiff's claims were based solely on state law, because answering the "threshold question" of whether the plaintiff was entitled to file suit in a court or had instead bound itself to arbitration "necessarily would require a court to consult and interpret" the governing labor document.  75 F. Supp. 3d at 303.  Similarly, Master Security asserted here that an interpretation of the CBA was necessary to conclude whether Walker was bound by the arbitration agreement, which, it argued, affected her underlying right to bring claims in this Court. Def.'s Opp'n to Pl.'s Mot. Att'y's Fees and Costs [ECF No. 23] at 4.  Although the Court remains unpersuaded that federal jurisdiction exists over Walker's DCHRA claims, Master Security's position was not so unreasonable as to warrant attorney's fees.  See Paul, 701 F.3d at 523 (denying request for award of fees where the "question of complete preemption" was "a close one"); see also Breakman v. AOL LLC, 545 F. Supp. 2d 96, 108 (D.D.C. 2008) (declining to award attorney's fees where "there is no clear, controlling case law from the D.C. Circuit" regarding defendant's theory of removal (internal quotation marks omitted)); Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West, 366 F. Supp. 2d 33, 43 (D.D.C. 2005) (declining to award attorney's fees where "the question of removability . . . was not obvious" (internal quotation marks omitted)).

For the foregoing reasons, plaintiff's motion for attorney's fees and costs will be denied. A separate order will issue.

_____/s/_____

JOHN D. BATES
United States District Judge

Dated:  June 13, 2016